UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

RAHMAN J. ARSHAD,                                   :

               Plaintiff,                    :          **REPORT AND RECOMMENDATION**

          -against-                        :          07 Civ. 6336 (JSR)(KNF)

MICHAEL J. ASTRUE, COMMISSIONER :
OF SOCIAL SECURITY,
                                :
              Defendant.
-------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE JED S. RAKOFF, UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

Plaintiff Rahman Arshad ("Arshad") brings this action, pursuant to 42 U.S.C. § 405(g), to

obtain judicial review of a final decision of the Commissioner of Social Security

("Commissioner") denying the plaintiff's application for Social Security disability benefits

("disability benefits").  The Commissioner has moved for remand, pursuant to the fourth

sentence of 42 U.S.C. § 405(g).  The plaintiff has filed a cross-motion for judgment on the

pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, or, alternatively,

remand, pursuant to 42 U.S.C. § 405(g), for a determination of the disability benefits owed to

him.  The parties' motions are addressed below.

## II.  BACKGROUND

*Procedural History*

On March 3, 2005, Arshad filed an application for disability benefits in which he alleged

he had been disabled since September 1, 2004. (Tr. 59, 72).[1]  The application was denied initially

on April 28, 2005. (Tr. 42-45).  Arshad then requested a de novo hearing, before an

Administrative Law Judge ("ALJ"), and appeared, with counsel, before ALJ Robin J. Arzt, on

May 8, 2006. (Tr. 46, 53-54).  On June 23, 2006, the ALJ issued a decision finding, inter alia, the

plaintiff was not entitled to disability benefits under the Social Security Act ("SSA"). (Tr. 19-21).

The ALJ's decision became the final decision of the Commissioner when the Appeals Council

denied plaintiff's request for review, on May 17, 2007.  (Tr. 3-5).  On July 11, 2007, Arshad filed

a complaint with the court seeking a review of the Commissioner's decision.

*Factual Background*

       Arshad was born in Bangladesh, on April 12, 1965; he came to the United States in 1979.

Arshad has a baccalaureate degree in business administration.  Arshad was employed as a: (1)

"kitchen helper" from 1989 to 2001; (2) salesperson by Sysco,[2] as a full-time employee, from

September 2001 until October 2004; (3) "light duty" employee by Sysco, for "three or four days,"

in November 2004; (4) real estate agent from, May to July 2005; and (5) salesperson by

Heartland Payment Systems ("HPS"), from August 2005 through May 8, 2006, the date of the

administrative hearing.  (Tr. 210, 213-15, 217-19, 223, 225-26).

       As a full-time salesperson with Sysco, Arshad was required to travel to restaurants, hotels

and other "places where [people] buy food," and carried a "sample case" weighing approximately

45 to 50 pounds.  (Tr. 220).  After the plaintiff was injured on a bus, on August 12, 2004, he was

---

       [1] "Tr." refers to the administrative record filed by the Commissioner as part of the
Answer.

       [2] According to the plaintiff's memorandum in opposition to the Commissioner's motion
to remand, the transcript contains an incorrect spelling of Sysco as "Cisco".

assigned to "light duty" by Sysco; the assignment was a "desk job" inputting information on a computer.  However, because the plaintiff was unable to work at "the speed they need[ed]," he was fired after three or four days.  (Tr. 223).  As an employee of HPS, the plaintiff traveled to businesses and sold the credit card processing services offered by HPS.  (Tr. 213).  The plaintiff's HPS employment required that Arshad be "on foot" for "as much as [he] c[ould]" withstand, and he "tr[ied] to work six days a week," though he typically worked four days per week, for three to five hours each day.  (Tr. 214-15, 238).  In 2005, the plaintiff worked from August through December, and his gross earnings were $2,095; the plaintiff's gross earnings for January through April 2006 were $3,600.  (Tr. 215-16).  The plaintiff testified that expenses he incurred in the course of his HPS employment included taxi fares.  (Tr. 240).  The plaintiff stated he spent approximately $7-8 on taxi fares each day he worked, and explained that he used taxis "when [he was] in [a] rush," because "the bus . . . takes a long time," and also when his "leg [wa]s bothering [him] too much."  Id.

        As noted above, Arshad was injured on a bus, on August 12, 2004.  Arshad considered himself disabled, as of September 1, 2004, due to pain in his back and left knee, as well as depression and anxiety conditions he experienced.  (Tr. 59, 209-10).  Medical records were submitted to the Social Security Administration to establish the plaintiff's disabling conditions. (Tr. 24-39, 91-121, 125-38, 141-83, 186-89).

*ALJ's Decision*

        The ALJ found that Arshad had "engaged in substantial gainful activity."  In reaching this determination, the ALJ relied, inter alia, upon the following facts: (1) Arshad earned $2,095, from August 2005 to December 2005; and (2) Arshad earned $3,600, from January 2006 to April

2006.  (Tr. 20).  The ALJ noted that the substantial gainful activity ("SGA")[3] threshold for 2006 was $860 per month, pursuant to 20 C.F.R. § 404.1574, POMS DI 10501.015, and the SGA threshold for 2005 was $830 per month, pursuant to 20 C.F.R. § 404.1574, POMS DI 10501.015. (See id.).  The ALJ reasoned that, with regard to 2005, Arshad's earnings fell below the SGA level; however, "the 2005 work also is substantial gainful activity, since the claimant performed this commission salesman work identically as to how he performed it in 2006, he apparently was building relationships for sales of services that enabled him to achieve SGA-level earnings by January 2006, and he was performing the job as it is performed in the national economy." (See id.).  Specifically, the ALJ noted that Arshad had "performed this work without significant absences and steadily has been working significant hours, six days per week since August 2005." (See id.).  As to 2006, the ALJ found that Arshad's earnings had exceeded the SGA threshold of $860 per month.  Accordingly, the ALJ found that Arshad was not entitled to a period of disability or to disability benefits as provided under SSA §§ 215(i) and 223.  (See id.).

*Motions Before the Court*

       The parties agree the ALJ's decision was not supported by "substantial evidence."  The Commissioner alleges the ALJ's determination, that the plaintiff was engaged in SGA for the period of August 2005 to December 2005, was based upon findings that were "speculative and not supported by the evidence."  These findings included that, from August 2005 to December 2005, Arshad: (1) worked six days per week; and (2) performed his job without significant absences.  The Commissioner contends the ALJ's resulting determination, that Arshad was not

---

       [3] SGA "is defined as work that involves 'doing significant and productive physical or mental duties' and '[i]s done (or intended) for pay or profit.'" Gladden v. Comm'r of Social Security, 536 F. Supp. 2d 403, 418 (S.D.N.Y. 2008) (quoting 20 C.F.R. § 404.1510).

disabled as he engaged in SGA, lacked sufficient support.  Additionally, the Commissioner notes

that, because the ALJ found that Arshad had engaged in SGA, the ALJ did not employ the five-

step "sequential evaluation process," found in the agency's regulations, to determine whether

Arshad's medical conditions prohibited him from working.

For his part, the plaintiff contends judgment on the pleadings is appropriate, or,

alternatively, a remand, because the ALJ erred by: (1) failing to average the plaintiff's earnings

during his entire period of employment–from 2005 through 2006–which would show the

plaintiff's earnings fell below the SGA earnings threshold; and (2) miscalculating the plaintiff's

2006 earnings, since the ALJ found that Arshad exceeded the SGA threshold level but failed to

deduct Arshad's business expenses (i.e., taxi fares).  The plaintiff maintains that, had the ALJ

considered the five-step sequential evaluation process to determine Arshad's eligibility for

disability benefits, the ALJ would have found that Arshad was disabled and entitled to benefits.

The plaintiff asserts that the ALJ's determination is, therefore, subject to "outright reversal"

based upon Arshad's "persuasive proof of disability," and that remand should be limited solely to

"calculation of benefits."  The plaintiff requests that, if the court remands this matter, it direct

that Arshad's claim be heard by a different ALJ, because ALJ Arzt's conduct, in denying

Arshad's claim, makes suspect her fairness.  Specifically, the plaintiff alleges that ALJ Arzt

"ignore[d] undisputed evidence of [Arshad's] work expenses," and "impute[d] earnings from one

year to another in a manner that was novel and completely unwarranted under existing law" in

order to: (a) find that Arshad engaged in SGA; and (b) "avoid making a ruling on medical

evidence."

### III. DISCUSSION

*Judgment on the Pleadings*

Rule 12(c) of the Federal Rules of Civil Procedure provides, in pertinent part, that, "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." The standard for granting a motion for judgment on the pleadings, under Rule 12(c), is identical to that of a Rule 12(b)(6) motion for failure to state a claim. See Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). In both instances, a court is required to accept as true all factual allegations in the complaint and to view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the non-moving party. See id.; District Council No. 9 v. APC Painting, Inc., 272 F. Supp. 2d 229, 235 (S.D.N.Y. 2003). At the pleading stage, no obligation exists to prove anything, only to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). Additionally, on a motion to dismiss, a court may consider "all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken." See Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir. 1995).

*Remand*

SSA provides, in pertinent part, that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "Remand under sentence four of § 405(g) is appropriate when further development of the factual record is necessary, or to enable the ALJ to reconsider or demonstrate

the use of the appropriate legal standard." Littlefield v. Astrue, No. 05-CV-1261, 2008 WL 717698, at *5, 2008 U.S. Dist. LEXIS 20823, at *16 (N.D.N.Y. March 17, 2008) (citing Martone v. Apfel, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999). "Reversal without remand is appropriate only in the rare circumstance where there is 'persuasive proof of disability in the record and remand for further evidentiary development would not serve any purpose.'" Id.

*Standard of Review*

Under SSA, the findings of the Commissioner as to any fact are conclusive, if they are supported by substantial evidence. See 42 U.S.C. § 405(g). When a district court reviews a decision of the Commissioner denying a claim for disability benefits, it must assess whether the Commissioner applied the appropriate legal standard and whether his decision is supported by substantial evidence. See Toribio v. Barnhart, No. 02 Civ. 4929, 2003 WL 21415329, at *2, 2003 U.S. Dist. LEXIS 10367, at *5 (S.D.N.Y. June 18, 2003) (citing Balsamo v. Chater, 142 F.3d 75, 79 [2d Cir. 1998]). "Substantial evidence" within the meaning of SSA is defined as "more than a mere scintilla. . . . [i]t means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at *2, 2003 U.S. Dist. LEXIS 10367, at *5-6 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 [1971])(internal quotation marks omitted).

*SGA Determination*

An individual is disabled within the meaning of SSA if he or she can show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The impairment suffered must be such that the individual:

> is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. §§ 404.1520 and 416.920, the Commissioner must apply a five-step sequential procedure when evaluating a disability claim. The Second Circuit has summarized that procedure as follows: (1) the Commissioner considers whether the claimant is currently engaged in substantial gainful activity; (2) if he is not, the Commissioner considers whether the claimant has a "severe impairment" which significantly limits his or her physical or mental ability to do basic work activities; (3) if the claimant suffers from a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has one of these impairments, the Commissioner will consider him disabled without considering vocational factors such as age, education, and work experience; (4) if the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he or she has the residual functional capacity to perform his or her past work; (5) if the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform. See Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999) (citing Berry v. Schweiker, 675 F.2d 464, 467 [2d Cir. 1982]); see also 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (describing the five-step sequential process).

The disability claimant has the burden of proving the first four steps. Thereafter, at the

fifth step, the burden shifts to the Commissioner who must prove that the claimant is capable of performing other work.  See Williams v. Apfel, 204 F.3d 48, 49 (2d Cir. 2000); Toribio, 2003 WL 21415329, at *3, 2003 U.S. Dist. LEXIS 10367, at *9.

*Application of the Legal Standard*

When an applicant for disability benefits earns less than the SGA earnings threshold, an ALJ may "consider other information in addition to [a disability benefits applicant's] earnings. . . if there is evidence indicating that [the applicant] may be engaging in [SGA]."  20 C.F.R. § 404.1574(b)(3)(ii).  Such information may include whether: (a) the applicant's work "is comparable to that of unimpaired people in [his or her] community who are doing the same or similar occupations as their means of livelihood. . ."; and (b) the applicant's work, "although significantly less than that done by unimpaired people, is clearly worth the amounts shown in paragraph (b)(2) of this section, according to pay scales in [the] community."  20 C.F.R. § 404.1574(b)(3)(ii)(A)-(B).

The Commissioner is correct in asserting the ALJ made findings in this case regarding SGA that are unsupported by the record.  Specifically, the ALJ found that, in 2005, Arshad worked six days each week, while Arshad testified he typically worked approximately four days each week, and the ALJ found that there were no "significant absences," while the record does not contain information about the existence, or extent, of any absences during Arshad's employment by HPS.  Since Arshad's earnings fell below the SGA threshold for 2005, and the ALJ's finding that Arshad performed SGA in 2005 was unsupported by the record, remand is appropriate for additional factfinding and/or to enable the ALJ to "reconsider or demonstrate the use of the appropriate legal standard."  Littlefield v. Astrue, 2008 WL 717698, at *5, 2008 U.S.

Dist. LEXIS 20823, at *16; see also Rosa, 168 F.3d at 82-83 ("[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard, we have, on numerous occasions, remanded to the [Commissioner] for further development of the evidence") (internal quotations and citations omitted).

The plaintiff's claim that judgment on the pleadings or, alternatively, remand, is appropriate, because the ALJ failed to "average" the plaintiff's earnings during 2005 and 2006, is meritless.  Pursuant to 20 C.F.R. § 404.1574a(b), "[i]f you work over a period of time during which the [SGA] earnings levels change, [the Social Security Administration] will average your earnings separately for each period in which a different [SGA] earnings level applies."  In the case at bar, the SGA earnings threshold for 2005 was different from the 2006 threshold; therefore, under 20 C.F.R. § 404.1574a, the ALJ was required to average Arshad's earnings separately for each respective year.  The ALJ did not err in calculating the plaintiff's SGA earnings levels; thus, granting the plaintiff's motion for judgment on the pleadings, or for remand, on this basis, is not warranted.

The plaintiff contends the ALJ should have discounted his 2006 earnings by his "work expenses," such as taxi fares, pursuant to 20 C.F.R. § 404.1576.  This regulation provides that, so long as certain conditions are met, "impairment-related work expenses" may be deducted in calculating an individual's earnings for SGA purposes, see 20 C.F.R. § 404.1576(b), and "transportation costs" are specifically identified as a deductible expense, provided certain criteria are met, see 20 C.F.R. § 404.1576(c)(6)(iii)(A)-(C).  In the instant case, the ALJ did not consider whether Arshad qualified for a transportation deduction, pursuant to 20 C.F.R. § 404.1576, in determining whether Arshad's 2006 employment fell within the SGA 2006 earnings threshold.

-10-

This failure casts doubt upon whether the ALJ's decision to deny benefits is supported by substantial evidence in the record and is free from legal error.  See Rosa, 168 F. 3d at 77.  The record does not indicate clearly how often Arshad utilized taxis when he felt pain, or how frequently Arshad utilized taxis because he was "in a rush."  Therefore, remand is appropriate for determination of the frequency with which Arshad used taxis because he felt pain, and the amount, if any, that may be deducted in calculating Arshad's 2006 SGA earnings.  After making any appropriate transportation deductions, pursuant to 20 C.F.R. § 404.1576, should the ALJ find that Arshad's earnings fell below the SGA threshold and his employment did not qualify as SGA, the ALJ may then consider the other factors in the five-step sequential evaluation process, 20 C.F.R. § 404.1520(a)(4), to determine whether Arshad is entitled to disability benefits.

*Remand to a Different ALJ*

"The selection of a new ALJ on remand has been considered to be within the discretion of the Commissioner of the Social Security Administration"; however, "when the conduct of an ALJ gives rise to serious concerns about the fundamental fairness of the disability review process, remand to a new ALJ is appropriate."  Sutherland v. Barnhart, 322 F. Supp. 2d 282, 292 (E.D.N.Y. 2004).

> Factors for consideration in this determination include: (1) a clear indication that the ALJ will not apply the appropriate legal standard on remand; (2) a clearly manifested bias or inappropriate hostility toward any party; (3) a clearly apparent refusal to consider portions of the testimony or evidence favorable to a party, due to apparent hostility to that party; [and] (4) a refusal to weigh or consider evidence with impartiality, due to apparent hostility to any party.

Id.; see also Dioguardi v. Comm'r of Social Security, 445 F. Supp. 2d 288, 300 (W.D.N.Y. 2006) (noting the following as proper considerations in determining whether to remand to a different ALJ: (1) any record of hostility between the ALJ and the plaintiff's attorney; (2) failure by the

ALJ repeatedly to apply the correct legal standard in the case; and (3) is any suggestion in the record that the ALJ "may have formed opinions about the claimant that could possibly prevent an objective review of the evidence and a fair rehearing").

Arshad contends ALJ Arzt "ignore[d] undisputed evidence of [Arshad's] work expenses," and "impute[d] earnings from one year to another in a manner that was novel and completely unwarranted under existing law" in order to find that Arshad engaged in SGA and "avoid making a ruling on medical evidence." These claims are insufficient to establish that remand to a different ALJ is appropriate. The only evidence in the record establishing Arshad's work expenses appears to be Arshad's testimony, before ALJ Arzt, that he used taxis for transportation when he was rushing or when his leg was causing him pain. The record does not establish how often Arshad required the use of a taxi, due to the pain he felt. Since the burden of proof was on Arshad to demonstrate that he was not engaged in SGA, see Bowen v. Yuckert, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987)(noting that the applicant bears the burden of proving the first four steps of the five-step sequential procedure of 20 C.F.R. § 404.1520[a][4]), and he did not provide evidence of the exact amount spent on taxis due to his leg pain, the ALJ cannot be faulted for not discounting Arshad's earnings by his transportation costs, in determining whether Arshad engaged in SGA.

Although it is not entirely clear what the plaintiff means by his allegation that ALJ Arzt improperly "imputed earnings from one year to another," it appears that this may reference the ALJ's calculation of SGA separately for the years 2005 and 2006, as opposed to averaging Arshad's earnings for both years. However, as explained above, under 20 C.F.R. § 404.1574a, the ALJ was required to average Arshad's earnings separately for each respective year. Since the

ALJ found that Arshad was engaged in SGA, she was under no obligation to consider Arshad's medical evidence.  In the circumstance of the case at bar, Arshad has not shown that a different ALJ should be assigned to his case on remand.

*Scope of Remand*

The plaintiff contends the ALJ's determination is subject to "outright reversal," based upon Arshad's "persuasive proof of disability," and that remand should be limited solely to the issue of "calculation of benefits."  However, because it is not clear whether Arshad can bear his burden of establishing he is not engaged in SGA–the first-step of the five-step sequential evaluation process–consideration of Arshad's medical evidence, at this stage, is premature.  See Williams, 204 F.3d at 49 (noting that the "five-step analysis is sequential," and, "if an individual is found to be disabled (or not) at any step, the Commissioner is not required to proceed to the next step").

## IV. RECOMMENDATION

For the reasons set forth above, I recommend that the defendant's and plaintiff's motions for remand be granted, and that the Commissioner be directed to conduct administrative proceedings consistent with this report.  I recommend further that the plaintiff's motion for judgment on the pleadings be denied.

## V.  FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff,

500 Pearl Street, Room 1340, New York, New York, 10007, and to the chambers of the

undersigned, 40 Foley Square, Room 540, New York, New York, 10007.  Any requests for an

extension of time for filing objections must be directed to Judge Rakoff.  FAILURE TO FILE

OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS

AND WILL PRECLUDE APPELLATE REVIEW.  See Thomas v. Arn, 474 U.S. 140 (1985);

IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson,

968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988);

McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York                        Respectfully submitted,
      April 6, 2009

                                          KEVIN NATHANIEL FOX
                                          UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

James M. Baker, Esq.
Leslie A. Ramirez-Fisher, Esq.